```
                               United States Bankruptcy Court
                               Middle District of Pennsylvania
In re:                                                            Case No. 17-05198-RNO
Dwayne M Borowski
Megan Ann Borowski                                                Chapter 13
        Debtors
                                      CERTIFICATE OF NOTICE
District/off: 0314-5          User: DDunbar               Page 1 of 2              Date Rcvd: Jan 25, 2018
                              Form ID: pdf002             Total Noticed: 20


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jan 27, 2018.
db/jdb         +Dwayne M Borowski,    Megan Ann Borowski,    20 Pottsville St,    Port Carbon, PA 17965-1511
5013977        +Americredit Financial Services, Inc. dba GM Financ,    PO Box 183853,
                 Arlington,, TX 76096-3853
5004690       ++BANK OF AMERICA,    PO BOX 982238,   EL PASO TX 79998-2238
               (address filed with court: Bank of America,    PO Box 15019,   Wilmington, DE 19886-5019)
5004691        +Boscov's,   PO Box 659622,    San Antonio, TX 78265-9622
5004692         Capital One,    PO Box 30285,   Salt Lake City, UT 84130-0285
5004693        +Chase Freedom,    PO Box 1423,   Charlotte, NC 28201-1423
5004694        +Embrace Home Loans, c/o:,    Roundpoint Mort. Serv. Corp.,    PO Box 674150,
                 Dallas, TX 75267-4150
5004696        +GM Financial,    PO Box 78143,   Phoenix, AZ 85062-8143
5004697        +Home Depot Credit Services,    PO Box 790328,    Saint Louis, MO 63179-0328
5004701         Pay Pal Credit,    PO Box 105658,   Atlanta, GA 30348-5658

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
5004689        +E-mail/PDF: gecsedi@recoverycorp.com Jan 25 2018 19:04:59     AEO Synchrony Bank,
                 PO Box 530942,    Atlanta, GA 30353-0942
5004695        +E-mail/Text: bnc-bluestem@quantum3group.com Jan 25 2018 19:08:34      Gettington,   PO Box 166,
                 Newark, NJ 07101-0166
5004688         E-mail/Text: cio.bncmail@irs.gov Jan 25 2018 19:07:57     Internal Revenue Service,
                 PO Box 7346,   Philadelphia, PA 19101-7346
5004698        +E-mail/PDF: gecsedi@recoverycorp.com Jan 25 2018 19:04:59     JC Penney,   Synchrony Bank,
                 PO Box 965090,    Orlando, FL 32896-0001
5004699         E-mail/Text: bnckohlsnotices@becket-lee.com Jan 25 2018 19:07:53      Kohl's,   PO Box 2983,
                 Milwaukee, WI 53201-2983
5004700        +E-mail/PDF: gecsedi@recoverycorp.com Jan 25 2018 19:04:48     Lowes Synchrony Bank,
                 PO Box 530914,    Atlanta, GA 30353-0914
5005382        +E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Jan 25 2018 19:10:32
                 PRA Receivables Management, LLC,    PO Box 41021,   Norfolk, VA 23541-1021
5004702        +E-mail/PDF: gecsedi@recoverycorp.com Jan 25 2018 19:05:09     Sams Club/Synchrony Bank,
                 PO Box 530942,    Atlanta, GA 30353-0942
5004703        +E-mail/PDF: gecsedi@recoverycorp.com Jan 25 2018 19:04:49     Synchrony Bank/Toys R Us,
                 Attn: Bankruptcy Dept,    PO Box 965013,   Orlando, FL 32896-5013
5004704        +E-mail/PDF: gecsedi@recoverycorp.com Jan 25 2018 19:05:09     Walmart,   PO Box 530927,
                 Atlanta, GA 30353-0927
                                                                                              TOTAL: 10

            ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr*            +PRA Receivables Management, LLC,    PO Box 41021,   Norfolk, VA 23541-1021
                                                                                      TOTALS: 0, * 1, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jan 27, 2018                                    Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on January 25, 2018 at the address(es) listed below:
              Charles J DeHart, III (Trustee)    dehartstaff@pamd13trustee.com, TWecf@pamd13trustee.com
              James Warmbrodt    on behalf of Creditor   Embrace Home Loans, Inc. bkgroup@kmllawgroup.com
              Thomas K Noonan    on behalf of Debtor 1 Dwayne M Borowski tknesq@ptd.net, tknesqam@ptd.net
              Thomas K Noonan    on behalf of Debtor 2 Megan Ann Borowski tknesq@ptd.net, tknesqam@ptd.net
              United States Trustee    ustpregion03.ha.ecf@usdoj.gov
```

District/off: 0314-5         User: DDunbar              Page 2 of 2              Date Rcvd: Jan 25, 2018
                             Form ID: pdf002            Total Noticed: 20

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system (continued)
                                                                                                              TOTAL: 5

Rev. 12/01/17

## LOCAL BANKRUPTCY FORM 3015-1

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:

DWAYNE M BOROWSKI and
MEGAN ANN BOROWSKI, his wife

DEBTORS

CHAPTER 13

CASE NO. 17-05198

_1st_ AMENDED PLAN (Indicate 1ST, 2ND, 3RD, etc.)
_0_ Number of Motions to Avoid Liens
_0_ Number of Motions to Value Collateral

### CHAPTER 13 PLAN

#### NOTICES

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| 1 | The plan contains nonstandard provisions, set out in § 9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | ☐ Included | ☒ Not Included |
|---|---|---|---|
| 2 | The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor. | ☐ Included | ☒ Not Included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 2.G. | ☐ Included | ☒ Not Included |

#### YOUR RIGHTS WILL BE AFFECTED

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

1. **PLAN FUNDING AND LENGTH OF PLAN.**

    A. **Plan Payments From Future Income**

    1. To date, the Debtor paid $ 0.00 (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit

1

payments through the Trustee as set forth below. The total base plan is $ _35,880.00_ , plus other payments and property stated in § 1B below:

| Start mm/yyyy | End mm/yyyy | Plan Payment | Estimated Conduit Payment | Total Monthly Payment | Total Payment Over Plan Tier |
|---|---|---|---|---|---|
| 1/18 | 12/22 | $598.00 | | $598.00 | $35,880.00 |
| | | | | | |
| | | | | | |
| | | | | Total Payments: | $35,880.00 |

    2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

    3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

    4. CHECK ONE: ( ) Debtor is at or under median income. *If this line is checked, the rest of § 1.A.4 need not be completed or reproduced.*

        (✔) Debtor is over median income. Debtor calculates that a minimum of $ _45,880.00_ must be paid to allowed unsecured creditors in order to comply with the Means Test.

  B. **Additional Plan Funding From Liquidation of Assets/Other**

    1. The Debtor estimates that the liquidation value of this estate is $0.00 _____. (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

*Check one of the following two lines.*

    ✔    No assets will be liquidated. *If this line is checked, the rest of § 1.B need not be completed or reproduced.*

    ___    Certain assets will be liquidated as follows:

    2. In addition to the above specified plan payments, Debtor shall dedicate to the plan proceeds in the estimated amount of $_____ from the sale of

2

Case 5:17-bk-05198-RNO    Doc 17    Filed 01/24/18    Entered 01/24/18 14:48:57    Desc
Main Document      Page 2 of 10
Case 5:17-bk-05198-RNO    Doc 20    Filed 01/27/18    Entered 01/28/18 00:41:40    Desc
Imaged Certificate of Notice    Page 4 of 12

property known and designated as _____
_____. All sales shall be completed by
_____, 20___. If the property does not sell by the date specified, then the disposition of the property shall be as follows:
_____.

3. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows: $2000.00 from each year's tax refund, beginning with refund from tax year 2017, payable no later than May 1st of each year.

2. **SECURED CLAIMS.**

   A. <u>Pre-Confirmation Distributions.</u> *Check one.*

   ✔ None. *If "None" is checked, the rest of § 2.A need not be completed or reproduced.*

   ___ Adequate protection and conduit payments in the following amounts will be paid by the Debtor to the Trustee. The Trustee will disburse these payments for which a proof of claim has been filed as soon as practicable after receipt of said payments from the Debtor.

   | Name of Creditor | Last Four Digits of Account Number | Estimated Monthly Payment |
   |---|---|---|
   |  |  |  |

   1. The Trustee will not make a partial payment. If the Debtor makes a partial plan payment, or if it is not paid on time and the Trustee is unable to pay timely a payment due on a claim in this section, the Debtor's cure of this default must include any applicable late charges.

   2. If a mortgagee files a notice pursuant to Fed. R. Bankr. P. 3002.1(b), the change in the conduit payment to the Trustee will not require modification of this plan.

   B. <u>Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor.</u> *Check one.*

   ___ None. *If "None" is checked, the rest of § 2.B need not be completed or reproduced.*

   ✔ Payments will be made by the Debtor directly to the creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by the contracting parties. All liens survive the plan if not avoided or paid in full under the plan.

3

| Name of Creditor | Description of Collateral | Last Four Digits of Account Number |
|---|---|---|
| Embrace Home Loans | residence at 20 Pottsville St, Port Carbon, PA | |
| GM Financial | 2014 Mazda CX-9 | |
| | | |

C. **Arrears (Including, but not limited to, claims secured by Debtor's principal residence).** *Check one.*

    ___ None. *If "None" is checked, the rest of § 2.C need not be completed or reproduced.*

    ✔ The Trustee shall distribute to each creditor set forth below the amount of arrearages in the allowed proof of claim. If post-petition arrears are not itemized in an allowed claim, they shall be paid in the amount stated below. Unless otherwise ordered, if relief from the automatic stay is granted as to any collateral listed in this section, all payments to the creditor as to that collateral shall cease, and the claim will no longer be provided for under § 1322(b)(5) of the Bankruptcy Code:

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Post-petition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| Embrace Home Loans | residence at 20 Pottsville St, Port Carbon, PA | $874.00 | | $874.00 |
| | | | | |
| | | | | |

D. **Other secured claims (conduit payments and claims for which a § 506 valuation is not applicable, etc.)**

    ✔ None. *If "None" is checked, the rest of § 2.D need not be completed or reproduced.*

4

2. In addition to payment of the allowed secured claim, present value interest pursuant to 11 U.S.C. §1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below, unless an objection is raised. If an objection is raised, then the court will determine the present value interest rate and amount at the confirmation hearing.

3. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Principal Balance of Claim | Interest Rate | Total to be Paid in Plan |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

E. **Secured claims for which a § 506 valuation is applicable.** *Check one.*

✔ None. *If "None" is checked, the rest of § 2.E need not be completed or reproduced.*

___ Claims listed in the subsection are debts secured by property not described in § 2.D of this plan. These claims will be paid in the plan according to modified terms, and liens retained until entry of discharge. The excess of the creditor's claim will be treated as an unsecured claim. Any claim listed as "$0.00" or "NO VALUE" in the "Modified Principal Balance" column below will be treated as an unsecured claim. The liens will be avoided or limited through the plan or Debtor will file an adversary action (select method in last column). To the extent not already determined, the amount, extent or validity of the allowed secured claim for each claim listed below will be determined by the court at the confirmation hearing. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Value of Collateral (Modified Principal) | Interest Rate | Total Payment | Plan or Adversary Action |
|---|---|---|---|---|---|
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

5

F. **Surrender of Collateral.** *Check one.*

✔ None. *If "None" is checked, the rest of § 2.F need not be completed or reproduced.*

___ The Debtor elects to surrender to each creditor listed below the collateral that secures the creditor's claim. The Debtor requests that upon confirmation of this plan the stay under 11 U.S.C. §362(a) be terminated as to the collateral only and that the stay under §1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 4 below.

| Name of Creditor | Description of Collateral to be Surrendered |
|---|---|
|  |  |
|  |  |
|  |  |

G. **Lien Avoidance.** *Do not use for mortgages or for statutory liens, such as tax liens. Check one.*

✔ None. *If "None" is checked, the rest of § 2.G need not be completed or reproduced.*

___ The Debtor moves to avoid the following judicial and/or nonpossessory, non-purchase money liens of the following creditors pursuant to § 522(f) (this § should not be used for statutory or consensual liens such as mortgages).

| | | |
|---|---|---|
| The name of the holder of the lien. | | |
| A description of the lien. For a judicial lien, include court and docket number. | | |
| A description of the liened property. | | |
| The value of the liened property. | | |
| The sum of senior liens. | | |
| The value of any exemption claimed. | | |
| The amount of the lien. | | |
| The amount of lien avoided. | | |

3. **PRIORITY CLAIMS.**

   A. **Administrative Claims**

   1. **Trustee's Fees.** Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.
   2. **Attorney's fees.** Complete only one of the following options:

      a. In addition to the retainer of $1,300.00 already paid by the Debtor, the amount of $2,700.00 in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c); or

6

b. $_____ per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).

3. <u>Other</u>. Other administrative claims not included in §§ 3.A.1 or 3.A.2 above. *Check one of the following two lines.*

    ___ None. *If "None" is checked, the rest of § 3.A.3 need not be completed or reproduced.*

    ___ The following administrative claims will be paid in full.

| Name of Creditor | Estimated Total Payment |
|---|---|
|  |  |
|  |  |

B. **<u>Priority Claims (including, but not limited to, Domestic Support Obligations other than those treated in § 3.C below)</u>.** *Check one of the following two lines.*

    ___ None. *If "None" is checked, the rest of § 3.B need not be completed or reproduced.*

    ___ Allowed unsecured claims, including domestic support obligations, entitled to priority under § 1322(a) will be paid in full unless modified under § 9.

| Name of Creditor | Estimated Total Payment |
|---|---|
|  |  |
|  |  |
|  |  |

C. **<u>Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B)</u>.** *Check one of the following two lines.*

    ✓ None. *If "None" is checked, the rest of § 3.C need not be completed or reproduced.*

    ___ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim. *This plan provision requires that payments in § 1.A. be for a term of 60 months (see 11 U.S.C. §1322(a)(4)).*

| Name of Creditor | Estimated Total Payment |
|---|---|
|  |  |

7

Case 5:17-bk-05198-RNO    Doc 17    Filed 01/24/18    Entered 01/24/18 14:48:57    Desc
Main Document      Page 7 of 10
Case 5:17-bk-05198-RNO    Doc 20    Filed 01/27/18    Entered 01/28/18 00:41:40    Desc
Imaged Certificate of Notice    Page 9 of 12

4. **UNSECURED CLAIMS**

   A. <u>**Claims of Unsecured Nonpriority Creditors Specially Classified.**</u> *Check one of the following two lines.*

   ✔ None. *If "None" is checked, the rest of § 4.A need not be completed or reproduced.*

   ___ To the extent that funds are available, the allowed amount of the following unsecured claims, such as co-signed unsecured debts, will be paid before other, unclassified, unsecured claims. The claim shall be paid interest at the rate stated below. If no rate is stated, the interest rate set forth in the proof of claim shall apply.

   | Name of Creditor | Reason for Special Classification | Estimated Amount of Claim | Interest Rate | Estimated Total Payment |
   |---|---|---|---|---|
   |  |  |  |  |  |

   B. Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.

5. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** *Check one of the following two lines.*

   ✔ None. *If "None" is checked, the rest of § 5 need not be completed or reproduced.*

   ___ The following contracts and leases are assumed (and arrears in the allowed claim to be cured in the plan) or rejected:

   | Name of Other Party | Description of Contract or Lease | Monthly Payment | Interest Rate | Estimated Arrears | Total Plan Payment | Assume or Reject |
   |---|---|---|---|---|---|---|
   |  |  |  |  |  |  |  |
   |  |  |  |  |  |  |  |
   |  |  |  |  |  |  |  |

6. **VESTING OF PROPERTY OF THE ESTATE.**

   Property of the estate will vest in the Debtor upon

   *Check the applicable line:*

   ✔ plan confirmation.
   ___ entry of discharge.

8

___ closing of case.

7. **DISCHARGE:** (Check one)

   (✓) The debtor will seek a discharge pursuant to § 1328(a).
   ( ) The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

**8. ORDER OF DISTRIBUTION:**

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.

Payments from the plan will be made by the Trustee in the following order:
Level 1: _____
Level 2: _____
Level 3: _____
Level 4: _____
Level 5: _____
Level 6: _____
Level 7: _____
Level 8: _____

*If the above Levels are filled in, the rest of § 8 need not be completed or reproduced.* If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the Trustee using the following as a guide:

Level 1: Adequate protection payments.
Level 2: Debtor's attorney's fees.
Level 3: Domestic Support Obligations.
Level 4: Priority claims, pro rata.
Level 5: Secured claims, pro rata.
Level 6: Specially classified unsecured claims.
Level 7: Timely filed general unsecured claims.
Level 8: Untimely filed general unsecured claims to which the Debtor has not objected.

9

Case 5:17-bk-05198-RNO    Doc 17    Filed 01/24/18    Entered 01/24/18 14:48:57    Desc
Main Document    Page 9 of 10
Case 5:17-bk-05198-RNO    Doc 20    Filed 01/27/18    Entered 01/28/18 00:41:40    Desc
Imaged Certificate of Notice    Page 11 of 12

## 9. NONSTANDARD PLAN PROVISIONS

Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)

Dated: 1.24.18

_____
Attorney for Debtor

_____
Debtor

_____
Joint Debtor

By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in § 9.

11